IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH WATTS, JR. | § | |
| | § | |
|    PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| UNITED PARCEL SERVICE, INC. | § | |
| | § | (JURY TRIAL DEMANDED) |
|    DEFENDANT. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Joseph Watts, Jr., hereinafter referred to as Plaintiff and/or "Watts", complaining of United Parcel Service, Inc. hereinafter referred to as Defendant and/or "UPS", and would respectfully show as follows:

**I.
INTRODUCTION**

Plaintiff brings this action to challenge the discriminatory practices by Defendant. The employment policies, practices and actions of Defendant had the effect and were undertaken with the purpose of discriminating against Plaintiff, based upon his disability discrimination.

**II.
JURISDICTION, VENUE & EXHAUSTION OF REMEDIES**

1. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §1331, §1332 and §1343 and 29 U.S.C. §621 et seq., as Plaintiff brings suit under Title I of the Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101 et seq ("ADA").

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) since a substantial part of the events or omissions giving rise to these causes of action occurred in the Eastern District of Texas.

3. Defendant has continuously and does now employee more than (15) employees.

4. Defendant has continuously and is now an employer engaged in an industry affecting commerce within the meaning of §701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h).

5. Plaintiff has exhausted administrative remedies pursuant to 42 U.S.C. §2000e 5(f)(3) by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and obtaining a Notice of Right to Sue. Plaintiff timely filed this lawsuit within ninety (90) days from receipt of the EEOC's Notice of Right to Sue letter, a copy of which is attached hereto as Exhibit "A".

### III.
### PARTIES

6. Plaintiff Joseph Watts is a resident of Beaumont, Jefferson County, Texas, and a citizen of the United States.

7. Defendant UPS does business in Texas and may be served with process through its registered agent for service, Corporation Service Company D/B/A/ CSC- Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## IV.
## **PRACTICES CHALLENGED**

8. As is more fully set forth in the paragraphs below, Plaintiff, was subjected to disability discrimination which affected the terms and conditions of his employment at UPS. Plaintiff was subjected to the discriminatory practices of Defendant during his employment as is more particularly outlined below. Consequently, Plaintiff asserts Respondeat Superior, vicarious liability and/or ratification, stating that whenever in this complaint it is alleged that UPS did any act or thing, it is meant that UPS's agents, supervisors, employees, servants management, officers and/or representatives did such acts and/or that at the time said acts were done, the acts were done with the full authorization or acquiescence of UPS in the normal and routine course and scope of employment of UPS.

9. Plaintiff now sues Defendant seeking all damages incurred and/or suffered on account of Defendant's unlawful employment practices, including but not limited to, past lost pay, front pay, compensatory damages, punitive damages, costs of court, attorney fees, pre and post judgment interest and any other and further relief to which Plaintiff may show himself to be justly entitled either at law or in equity.

## V.
## **FACTS**

10. Plaintiff was an employee of UPS from September 1999 through November, 2019 where his most recent position was Pre-Loader.

11. Throughout the twenty (20) years Plaintiff worked for UPS, Plaintiff performed his job at an exceptional level.

12. On or about August 15, 2019, Plaintiff went on disability leave to receive treatment for Posttraumatic Stress Disorder (PTSD).

13. While on disability leave and receiving medical treatment for PTSD, Plaintiff submitted documentation confirming he was under doctor's care.

14. On or about November 29, 2019, UPS terminated Plaintiff's employment.

## VI.
## ADA VIOLATIONS

15. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 8 through 14 and incorporates same as though fully copied and set forth at length herein.

16. At all times relevant hereto Plaintiff was disabled. In the alternative, Plaintiff pleads that he was regarded as being disabled by the Defendant.

17. At all times relevant hereto Plaintiff was qualified for his position.

18. At all times relevant hereto Plaintiff's subject disability substantially affected one or more of his major life activities and/or Plaintiff had a record of having an impairment and/or was being regarded by Defendant as having an impairment as required under Title I of the ADA.

19. UPS, through its agents, supervisors, or employees, engaged in a pattern and practice of unlawful disability discrimination, in violation of the Americans with Disabilities Act of 1990, as amended.

20. The above-described disability discrimination interfered with Plaintiff's emotional and physical well-being, as well as wages, benefits, promotions, and privileges and terms and conditions of Plaintiff's employment.

21. As a result of the discriminatory treatment of Plaintiff, and failure to protect Plaintiff by UPS through UPS's agents, supervisors, employees and management, Plaintiff suffered adverse employment actions and/or decisions, including, but not limited to termination.

22. UPS's willful, knowing and intentional discrimination against Plaintiff and interference with his employment because of his disability consisted of discrimination of a continuous nature and caused Plaintiff substantial injuries and damages.

## IX.
## JURY DEMAND

23. Plaintiff respectfully demands a jury trial.

## X.
## RELIEF REQUESTED AND PRAYER

24. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporates same as if fully copied and set forth at length herein.

25. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court to:

    A. Award back pay, front pay and other job benefits sufficient to make the Plaintiff whole;

    E. Award compensatory damages, as well as damages for past

       and future mental anguish, suffering, anxiety, stress, humiliation, ability to enjoy life and medical care and treatment appropriate to the proof at trial;

F.    Award punitive damages appropriate to the proof at trial;

G.    Award costs of court and out of pocket expenses;

H.    Award expert witness fees and costs;

I.    Award reasonable attorney fees, including conditional awards in the event of appeal;

J.    Award pre-judgment and post-judgment interest paid at the highest rate permitted by law; and/or;

K.    Award such other and further relief at law or in equity, general or special, to which the Plaintiff may show himself to be justly entitled.

        Respectfully submitted,

        **D.G. PARKER LAW FIRM, PLLC**

By: /s/ Derrick G. Parker
     Derrick G. Parker
     State Bar No. 24044928
     2900 Smith Street, Suite 200
     Houston, Texas 77006
     (713) 800-9433 Telephone
     (713) 821-9432 Facsimile
     derrick@dgparkerlaw.com

**ATTORNEY FOR PLAINTIFF**